IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 5TH LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-364-D |
| ) | |
| KEMAH MARINE, a division of ) | |
| Kemah Capital; and ) | |
| CLEAR SPRING PROPERTY ) | |
| AND CASUALTY COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon examination of the Notice of Removal [Doc. No. 1], the Court finds insufficient factual allegations to establish the existence of subject-matter jurisdiction under 28 U.S.C. § 1332(a), as asserted by Defendant Clear Spring Property and Casualty Company ("Clear Spring").[1] Further, although the Court ultimately reserves any ruling on the issue, it is unclear from the Notice how, or why, this case falls within the jurisdictional parameters of 28 U.S.C. § 1333.

First, as it relates to Plaintiff's citizenship, Clear Spring alleges only that "Plaintiff is alleged to be an Oklahoma limited liability company." Notice of Removal, ¶ 7. Although Plaintiff does allege in its state-court petition [Doc. No. 1-2] that it is an Oklahoma limited liability company, the citizenship of a limited liability company is determined by the

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

citizenship of each of its members. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018). Clear Spring's Notice fails to specifically identify Plaintiff's members and the citizenships of those members.

Second, Clear Spring also alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1333, which provides that "district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Upon review of the Notice, along with Plaintiff's state-court petition, it is not immediately clear how a case involving state-law claims for breach of contract and bad faith (which stem from "seawater ingress into the vessel, while the vessel was docked"), without more, falls within § 1333's admiralty jurisdiction. *See U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1140 (10th Cir. 2009) ("The resulting test [to determine whether admiralty jurisdiction governs the suit] is, unsurprisingly, nuanced: admiralty jurisdiction should cover only activities so closely related to traditional maritime activities that the reasons for applying special admiralty rules should predominate." (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 539-40 (1995)).

Accordingly, the Court **DIRECTS** Clear Spring to file an amended notice of removal, **within 14 days of this Order**, which supplies the missing jurisdictional information regarding Plaintiff's citizenship. If any member of Plaintiff is itself a business entity, then further jurisdictional information pertaining to that member is required. If any member is an individual, then jurisdictional information regarding the individual's state of

citizenship, rather than state of residency, is required. Failure to comply may result in the remand of this action to state court.[2]

**IT IS SO ORDERED** this 2nd day of April, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] If the amended notice of removal includes sufficient allegations establishing diversity jurisdiction, the question of whether admiralty jurisdiction under 28 U.S.C. § 1333 is proper would, presumably, be moot. However, the Court reserves any ruling on that issue until reviewing the amended notice of removal.